*747 OPINION.
Littleton :
The parties are in accord as to the amounts furnished by petitioner for the development of the Cowper and Williamson land for sale by lots and as to the allocation of those amounts to the lots improved, the question for decision being with respect to the deductibility thereof, that is, whether the amounts constituted capital expenditures or business expenses.
Petitioner contends that it is entitled to deduct from gross income for the year in which the expenditures were made, all sums expended for the development of the Cowper and Williamson land, without regard to the time when the lots were sold, and, in support of this contention, takes the position that (1) it was not the owner of the land subdivided, improved and sold, and consequently had no capital interest therein; and that (2) it was merely the selling agent for the owners of the land.
The Commissioner, on the other hand, contends that the amounts expended for the development of the land in question were of a capital nature and should be apportioned to the lots according to the benefit received, the amount thereof being returnable to petitioner in the year in which the sale of the specific property benefited occurred.
We think that it is unnecessary separately to discuss the positions taken by petitioner for the reason that, under the contract and arrangements made and entered into, they are not well taken. We are of opinion, however, that petitioner entered into a joint venture for the sale of the land in question and that the amounts expended *748 for the development thereof constituted petitioner’s contribution to the capital of the enterprise and as such are not deductible from gross income.
The evidence adduced shows that Cowper and Mrs. Williamson furnished certain land for subdivision and sale by lots; that petitioner furnished certain sums of money for the development and improvement of the land so that it would be readily salable; and that Allen Brothers furnished the selling organization. The profits derived from the sale of the lots were to be shared equally by the parties to the enterprise.
It is further shown that the owners of the land scheduled a price on each lot and that the development costs, borne by petitioner, were apportioned by the parties to the lots improved.
In determining the profit from the sale of any lot, among other things, petitioner was to be reimbursed, first, in the amount expended for the development thereof. In other words,- petitioner’s capital investment in the particular lot would be returned to it before the computation of any profit from the sale thereof. Under such circumstances, we think that the development costs borne by petitioner in connection with the land in question amounted simply to its contribution of capital to the joint venture or enterprise, by virtue of which contribution it was entitled to share in the profits thereof. Consequently, the amounts constituted capital expenditures, and, the mere fact that, under certain conditions as provided by its contract, petitioner might lose some of the amount so expended, does not in any way change the intrinsic nature thereof. E. W. Edwards & Sons, 3 B. T. A. 889.
Petitioner calls our attention to the decision of the Board in Claude H. Birdsall, 2 B. T. A. 1169, and insists that it is controlling in the instant case, though admitting the question therein and that herein are not identical. We have examined the Birdsall case and are of the opinion that it is not in point, as the petitioner therein sold certain land on a commission basis solely.
We are of opinion, therefore, that the Commissioner’s action with respect to the amounts expended by petitioner for the development of the land in question was correct, and it is approved.
We are unable to determine from the record the amount of the deficiency as to each of the years in question.
Beviewed by the Board.

Judgment will he entered under Buie 50.